IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT R. BINION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CV-920-WKW |
| | ) | |
| TOM VILSACK, | ) | |
| | ) | |
| Defendant. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the court is Plaintiff's Complaint (Doc. #1) filed on October 29, 2010. On November 1, 2010, this matter was referred to the undersigned Magistrate Judge for action or recommendation on all pretrial matters. *See* Order (Doc. #2). Under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was required to perfect service of process on Defendant within one hundred twenty days from the filing of the Complaint. Accordingly, Plaintiff was required to serve Defendants on or before February 28, 2011. On March 3, 2011, this court issued an Order (Doc. #5), informing Plaintiff of his failure to meet the requirements of Rule 4, and ordering Plaintiff to show good cause for the failure to serve Defendant within 120 days. Plaintiff was warned that failure to respond to the order to show cause would result in a recommendation that this case be dismissed. Plaintiff failed to show cause and Defendant remains unserved.

Rule 4(c)(1) instructs that "plaintiff is responsible for service of a summons and

complaint within the time allowed under subdivision (m)." Fed. R. Civ. P. 4(c)(1). Subdivision (m) not only provides the time allowed for service, it also provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff has failed to show good cause and failed to abide by the Order of this court. The next step required by Rule 4(m) is the dismissal of this action without prejudice.

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED, without prejudice, for failing to timely serve Defendant and for failing to comply with the orders of the court. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **by April 19, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see also Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 5th day of April, 2010.

                                               /s/ Wallace Capel, Jr.
                                               WALLACE CAPEL, JR.
                                               UNITED STATES MAGISTRATE JUDGE